UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALI HUSSEIN DARWICH,

    Plaintiff,

v.        Case No. 11-12190

FRED B. WALKER,

    Defendant.

                           /

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO CHANGE VENUE**

Before the court is a motion filed pro se by Plaintiff Ali Darwich requesting that the court "change venue," which in essence is a motion to reassign this case to another judge within this venue. (6/3/11 Mot. 1.) For the reasons stated below, the court will deny the motion.

When this case was filed, it was originally assigned to the Honorable Victoria A. Roberts. On May 23, 2011, the case was reassigned from Judge Roberts to the undersigned judge pursuant to Eastern District of Michigan Local Rule 83.11. Local Rule 83.11(b)(7) governs "companion cases," which are cases in which "substantially similar evidence will be offered at trial" or "the same or related parties are present, and the cases arise out of the same transaction or occurrence." E.D. Mich. 83.11(b)(7)(A). The rule provides for only one manner by which counsel or parties should bring companion cases to the court's attention, which is "by responding to questions on the civil cover sheet or in the electronic filing system." E.D. Mich. LR 83.11(b)(7)(C). Otherwise, it is a self-enforcing rule:

> When it becomes apparent to the Judge to whom a case is assigned and to a Judge having an earlier case number that two cases are companion cases, upon consent of the Judge having the earlier case number, the Judge shall sign an order reassigning the case to the Judge having the earlier case number.

E.D. Mich. LR 83.11(b)(7)(D).  The rule does not provide for, nor invite, motions by litigants.  Reassignment decisions lie within the collective discretion of the judge to whom the case is assigned and the judge having the earlier case number.  *Jones v. City of Allen Park*, 167 F. App'x 398, 409 (6th Cir. 2006) ("The district court's decision regarding whether or not to reassign a companion case is reviewed for an abuse of discretion.") (citing *Gen. Motors Corp. v. Buha*, 623 F.2d 455, 458 (6th Cir. 1980)).

Here, the reassignment decision was left to the discretion of Judge Roberts, the judge to whom the case was currently assigned, and the undersigned, the judge having the earlier case numbers, 10-14073 and 10-20705.  Both judges agreed the case was a companion to the earlier cases.  E.D. Mich. 83.11(b)(7)(A).  The case was therefore transferred pursuant to the local rules.

Plaintiff argues the transfer was in error and the case should be reassigned back to Judge Roberts.  Plaintiff argues that the undersigned judge has "manipulated the court's administrative system," is biased against Plaintiff, and is effecting some sort of "miscarriage of justice."  (6/03/11 Mot. at 1.)  Plaintiff continues to list the reasons why he believes this judge is biased against him, reasons which primarily relate to previous decisions of the court in related companion cases.

The court will deny the motion.  First, there is no mechanism under the local rules by which Plaintiff can file a motion such as this seeking to undo a reassignment.  Moreover, the motion is unfounded on the merits.  The two relevant judges have already

determined that this case is a companion to the earlier cases, and nothing Plaintiff articulates in his motion alters that conclusion. From the documents before the court, it is clear that the cases arise out of the same "transaction or occurrence."

To the extent Plaintiff's motion can be construed as a motion for disqualification under 28 U.S.C. § 455, "[i]n order to justify recusal under 28 U.S.C. § 455, the judge's prejudice or bias must be personal or extrajudicial." *United States v. Jamieson*, 427 F.3d 394, 405 (6th Cir. 2005) (citing *United States v. Hartsel*, 199 F.3d 812, 820 (6th Cir. 1999)). Aside from his wholly invented allegations regarding this judge's purported involvement with the mafia, Plaintiff's allegations of conflict of interest relate to the court's rulings as the presiding judge over Plaintiff's multiple cases. Accordingly, any request for disqualification will be denied.

IT IS ORDERED that Plaintiff's motion to change venue [Dkt. # 7] is DENIED.

        S/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: June 21, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 21, 2011, by electronic and/or ordinary mail.

        S/Lisa Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522